UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-mj-00009(DLM)

UNITED STATES OF AMERICA,

    Plaintiff(s)

v.

ALEX CRUZ,

    Defendant(s)

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Alex Romeo Venegas Cruz, by counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows:

### PROCEDURAL HISTORY

1. A detention hearing in this matter was held on January 14, 2026. Mr. Cruz was then released from custody on a personal recognizance bond and conditions, to include: supervision by U.S. Probation and Pretrial Services; surrender any passport; avoid intentional contact with victims/witnesses; no possession of firearms; no use of alcohol; curfew as directed by his supervising officer; GPS monitoring as directed by his supervising officer; report contact with law enforcement. (ECF #10).

2. At the time of the detention hearing, Mr. Cruz was charged with a felony violation of 18 USC §111(a) by Complaint alleging assault of a federal law enforcement officer.

3. On February 5, 2026, Mr. Cruz was charged by Information with a misdemeanor violation of 18 USC §811(a)(1). The Government has not obtained an Indictment within thirty days of his arrest and does not intend to seek an Indictment.

## STATUTORY AUTHORITY
## TO RE-OPEN DETENTION HEARING

4. A detention hearing may be re-opened "at any time before trial if the judicial officer finds that information exists that was not known the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 USC §3142(f)(2). When changed circumstances raise a new issue of law and additional evidence is proffered, a judicial officer has the inherent power to reconsider her/his own order. United States v. Gallo, 653 F.Supp. 320, 327 (E.D.N.Y. 1986).

## GROUNDS FOR RE-OPENING OF DETENTION HEARING

5. Mr. Cruz no longer faces a felony charge. The reduction of his charge to a misdemeanor materially affects the assessment of whether he poses a flight risk due to the potential punishment associated with the offense charged.

6. The Government's reduction of the charge from a felony to a misdemeanor reflects an assessment of Mr. Cruz's alleged conduct which significantly reduces the assessment of whether he poses a danger to the community.

7. Mr. Cruz has a Hispanic last name. Although the Government claims to be withdrawing the militarized federal agents who have occupied Minnesota for the past

two months, Mr. Cruz remains at risk of being racially profiled by federal agents and required to prove his citizenship. He wishes to retain his United States passport so that he carry it in the event he is subjected to a demand by law enforcement to prove this is a citizen of the United States.

8. Other federal defendants facing similar misdemeanor charges lodged by Information have uniformly been released without supervision or conditions of release.

9. The conditions of release currently imposed are excessive and not reasonably necessary to ensure Mr. Cruz's appearance at trial and mitigate any danger to the community, in light of the reduction of charges against Mr. Cruz.

   WHEREFORE, Alex Cruz requests that the Court reopen his detention hearing and order his release from custody without supervision or conditions of release.

Dated: February 13, 2026          S/BRUCE D. NESTOR
                                  Bruce D. Nestor, 0318024 – MN
                                  DE LEÓN & NESTOR, LLC
                                  3547 Cedar Avenue South
                                  Minneapolis, MN  55407
                                  (612) 659-9019
                                  (612) 436-3664 – Facsimile
                                  nestor@denestlaw.com